1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  MARGARET W. BAUMGARTNER, State Bar #151762
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3859
6  Facsimile:    (415) 554-3837
   E-Mail:       margaret.baumgartner@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LLOYD,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, GREG SUHR, individually and in his official capacity as Chief of Police for the CITY OF SAN FRANCISCO; POLICE OFFICER AUGUST, and DOES 1-100 Jointly and Severally,<br><br>　　Defendants. | Case No. 3:14-cv-3542 JCS<br><br>**DEFENDANT EDWARD BARRIENTES, EDRIC TALUSAN, STEPHEN GRITSCH, JOHN NORMENT AND CHARLES AUGUST'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Date Action Filed:　June 10, 2014<br>Trial Date:　　　　April 11, 2016 |

Defendant City and County of San Francisco Edward Barrientes, Edric Talusan, Stephen Gritsch, John Norment and Charles August's responds to Plaintiff David Lloyd's unverified First Amended Complaint as follows:

Defendants deny generally and specifically each and every allegation contained in the First Amended Complaint.

Defendants also asserts the affirmative defenses set forth below.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that the First Amended Complaint fails to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that the First Amended Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq., California Government Code § 945.6, and other applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that the First Amended Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Causation)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that any act or omission on the part of Defendants or their agents, was not the legal cause of Plaintiff's alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

### (No Damage to Plaintiff)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Defendants allege that this action is barred, in whole or in part, due to Plaintiff's failure to exhaust his administrative, judicial and/or contractual remedies, as required under applicable federal and/or state laws or contracts.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that Defendants and their agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendants allege that any relief sought by Plaintiff may be barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, unclean hands, collateral estoppel, and/or res judicata.

**NINTH AFFIRMATIVE DEFENSE**

**(Legitimate Non-Discriminatory Reasons)**

Defendants allege that any and all employment actions taken with respect to Plaintiff were not based on any illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory, and non-retaliatory reasons.

**TENTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that they enjoy discretionary immunity pursuant to California Government Code § 820.2 against each and every one of Plaintiff's claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Intent to Harm)**

As a separate and affirmative defense to the First Amended Complaint and to each and every allegation contained therein, Defendants allege that at all times and places mentioned in the First

Amended Complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct, and did not intend to harm or deprive Plaintiff of any rights under federal or state constitutions, or federal or state statutes.

## TWELFTH AFFIRMATIVE DEFENSE

### (Discharge of Duties in Good Faith)

As a separate and affirmative defense to the First Amended Complaint and to each and every allegation set forth therein, Defendants allege that at all times mentioned in the First Amended Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Privilege, Justification)

As a separate and affirmative defense to the First Amended Complaint and to each and every allegation contained therein, Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Supervening Events)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that any injury suffered by Plaintiff was caused by supervening events over which Defendant had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in said First Amended Complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against these Defendants by virtue of said First Amended Complaint, Defendants pray that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Recklessness)**

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that at all times mentioned in Plaintiff's First Amended Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the First Amended Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

As and for a separate, distinct affirmative defense to the First Amended Complaint, Defendants allege that the fault of persons other than Defendants contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578 (1978), Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statutory Immunity)**

The City and its employees are immune from all liability alleged in the First Amended Complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8;  835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7; California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849, 1531 and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil Code section 43.5 and related provisions of these code sections and interpretative case law.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Self Defense And Defense Of Others)**

Defendants allege that if in fact any force was used against Plaintiff, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Res Judicata and Claim Splitting)**

The First Amended Complaint and each and every cause of action therein is barred by res judicata and the case law prohibiting a plaintiff from "splitting" claims or causes of action. *Ferraro v. Southern Cal. Gas Co.*, 102 Cal.App.3d 33, 41 (1980).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Assumption Of The Risk)**

Plaintiff has full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the occurrence of the incident set forth in the First Amended Complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the First Amended Complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Penal Code Privileges and Immunities)**

Defendants allege that at all times mentioned in Plaintiff's First Amended Complaint, Defendants acted in accordance with and pursuant to the California Penal Code, including without limitation §§834, 834a 835, 835a, 836, and 853.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that at all times relevant to Plaintiff's First Amended Complaint herein, Plaintiff knowingly, voluntarily and/or willingly consented to the use of force upon his person.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege the provisions of the California Tort Claims Act of the California Government Code as a measure of the duties of the Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant City and County of San Francisco alleges that it is immune from any assessment of punitive damages. Defendant City and County of San Francisco is a public entity and is therefore immune from liability for exemplary damages, without limitation, pursuant to provisions of section 818 of the California Government Code.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

California Government Code Section 820.4 provides that a public employee is not liable for injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any law" while exercising due care.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The City alleges that it is not liable for any acts or omissions of its employees which occurred outside of those employees' scope of employment with the City.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the First Amended Complaint and to each and every allegation contained therein, Defendants allege that plaintiff's purported state law causes of action alleged in the First Amended Complaint are limited to the allegations contained in any government claim plaintiff may have presented, and that, to the extent the First Amended Complaint attempts to enlarge or expand upon the allegations asserted in such government claim, if any, the First Amended Complaint fails to state a cause of action and is barred pursuant to California Government Code Sections 905, 905.2, 910, 911, 945.4, 950.2 and related provisions.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants allege that plaintiff had full knowledge of the risks involved in the mutual combat activity in which plaintiff engaged and set forth in the First Amended Complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said First Amended Complaint, and that the loss or damage, if any, sustained by plaintiff was caused by said risks, which were accepted and voluntarily assumed by plaintiff when he engaged in said activity.

7
CCSF's Answer to First Amd. Comp. - CASE NO. 3:14-cv-3542 JCS                    n:\lit\li2014\150034\01004969.doc

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants allege that if Plaintiff is entitled to any recovery, Defendants are entitled to set off any prior recoveries, compensation, or benefits Plaintiff may have received in connection with the injuries or claims identified in this case and/or any collateral sources, including but not limited to having Plaintiff's recovery reduced as provided in Government Code § 985.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

Dated: April 7, 2015

        DENNIS J. HERRERA
        City Attorney
        CHERYL ADAMS
        Chief Trial Deputy
        MARGARET W. BAUMGARTNER
        Deputy City Attorney


By:   */s/ Margaret W. Baumgartner*
      MARGARET W. BAUMGARTNER

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO et al.

**DEMAND FOR JURY TRIAL**

Defendants City and County of San Francisco, Edward Barrientes, Edric Talusan, Stephen Gritsch, John Norment and Charles August hereby request a trial by jury on all counts of Plaintiff's Amended Complaint.

Dated: April 7, 2015

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
MARGARET W. BAUMGARTNER
Deputy City Attorney


By: */s/ Margaret W. Baumgartner*
MARGARET W. BAUMGARTNER

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO et al.